## WATTLES v. WAYNE CIRCUIT JUDGE.

GARNISHMENT—APPEAL—STAY OF STATUTORY ISSUE.

    2 How. Stat. § 8070, provides that the statutory issue in garnishment proceedings shall stand for trial, unless the principal defendant shall, within two days after judgment, serve upon the garnishee notice of a motion for new trial, or of his intention to remove the case to the Supreme Court. Section 8074 prescribes when the issue shall be tried after the affirmance of the judgment on appeal. *Held*, that it is contrary to the intent of the statutes for the circuit judge to require the garnishee to go to trial during the pendency of an appeal, because he believes the same to have been taken for purposes of delay, although no notice thereof was served on the garnishee.

*Mandamus* by Oliver H. Wattles to compel Willard M. Lillibridge, circuit judge of Wayne county, to postpone the trial of the statutory issue in garnishment proceedings pending an appeal in the principal suit. Submitted December 27, 1898. Writ granted February 6, 1899.

*J. A. McLennan*, for relator.

*Levi T. Griffin*, for respondent.

HOOKER, J. An application for *mandamus* to require the circuit court to postpone the trial of the statutory issue in garnishment proceedings based upon the judgment in the case of *Griffin* v. *Wattles, ante*, 346, until the principal cause should be decided by this court, has been pending in this court for some weeks before the hearing of the principal case. The return shows that judgment was rendered in the principal case on or about December 20, 1897, and that the issue between the plaintiff and the garnishee was noticed for trial at the September, 1898, term of court. The cause was set for trial October 27, 1898. On October 10th, a writ of error issued from this court in the principal cause. Subsequently, a motion to continue the garnishee

case was made by defendant's counsel, which was finally denied. The court seems to have been of the opinion that the policy of the defendant and garnishee had been to delay the proceedings; that the appeal was without merit. We cannot review his discretion, and can only consider the question of defendant's right to have the trial of the garnishee case deferred until the principal case should be finally determined.

Two sections of the statute appear to have a bearing upon this question, viz.: 2 How. Stat. §§ 8070, 8074. The former provides that the statutory issue shall stand for trial, unless the principal defendant shall, within two days after judgment, serve upon the garnishee notice of a motion for new trial, or of his intention to remove the cause to the Supreme Court. The only inference to be drawn from this is that, if the notice is served, the cause cannot be tried. It does not appear that the notice was served, but the cause was not tried. Section 8074 indicates that, if the case be appealed, the issue should not be tried until after the determination of the appeal. If no notice was served, as required by section 8070, and had the trial been had, it may be that the judgment would have been valid. But both sections 8070 and 8074 indicate that it was not intended to require the garnishee suit to be tried while an appeal of the principal suit is pending. The appeal was taken seasonably, and we think that the garnishee could not be required to go to trial during its pendency. The writ will therefore be granted, subject to the provisions for trial contained in section 8074.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. MOORE, J., did not sit.