COLTER *v.* SALOW.

APPEAL AND ERROR—GARNISHMENT—PENDING APPEAL.
    Pending appeal from judgment in principal case, trial of gar-
        nishment on judgment may not be had against seasonable
        objection of third party claimant to fund (3 Comp. Laws
        1929, §§ 14869, 14873).

Appeal from Washtenaw, Sample (George W.),
J. Submitted April 4, 1934. (Docket No. 12, Calen-
dar No. 37,629.) Decided June 21, 1934.

Garnishment proceedings by Thomas A. Colter
and Jessie C. Campbell against Louis F. Salow and
Grace I. Salow, principal defendants, and Monitor
Insurance Company, garnishee defendant. Salow
Farms, Inc., a Michigan corporation, interpleaded
as claimant of garnisheed fund. Claimant appeals
from orders striking demand for jury, requiring
garnishee defendant to pay proceeds of insurance
policy into court and requiring clerk of court to pay
same to plaintiffs. Orders striking demand for jury
and requiring clerk of court to pay proceeds to plain-
tiffs reversed. Order requiring garnishee defend-
ant to pay proceeds of insurance policy into court
affirmed. Case remanded.

*Burke & Burke,* for plaintiffs.

*John R. Rood,* for claimant.

BUSHNELL, J. Salow Farms, Inc., as intervening
claimant, appeals from certain orders of the circuit
court entered in this cause, which may be summar-

ized as follows: (1) An order entered September 25, 1933, striking from the files appellant's demand for a trial by jury; (2) An order entered September 30, 1933, requiring the Monitor Insurance Company, garnishee defendant, to pay into court $2,000; and (3) An order entered on the same day requiring the clerk to pay the money forthwith to the plaintiffs.

Plaintiffs garnisheed a fund of $2,000 held by the insurance company. This fund represented the adjusted amount of a claim for damage by fire to buildings located on land previously sold by defendants on contract to one McCreedy. The amount due on the insurance claim was determined on April 1, 1933, the writ of garnishment was issued on April 27th, and the garnishee defendant's disclosure was filed on May 22d. Defendants quitclaimed their interest in the premises by an instrument dated April 18, 1933, to Salow Farms, Inc. There are inferences in the record to the effect that, despite its date, the deed was not executed until after the writ of garnishment was served. An assignment of the land contract accompanied the deed.

The interpleader contained a demand for a jury trial. Plaintiffs countered with a motion to strike claimant's demand and asked the court to set the cause down for immediate hearing, alleging the interpleader to be ''a conspiracy founded on falsehood intended to mislead this court,'' and further, that it falsely implied that an issue of fact existed and was filed to hinder and delay plaintiffs in collecting their rightful claim. On the issue thus framed, the court, over claimant's objection, heard the testimony of the secretary-treasurer of the garnishee defendant and its attorney. The land contract purchaser was examined, as well as Mr. Rood, who represented both the intervening claimant and

the principal defendants. No direct testimony was offered by claimants, although the witnesses were subjected to cross-examination. After the hearing the court struck the claimant's demand for a jury. Three days later the subsequent orders hereinbefore described were entered, without any additional testimony being taken. It is necessary to consider but one of the questions stated in appellant's brief, *viz.*: "Can garnishment on judgment for plaintiff be tried in the circuit court pending appeal to the Supreme Court by defendant from that judgment?"

The calendar entries show that judgment was entered in the principal case on May 3, 1933, and a preliminary notice of appeal was filed on May 22d. At the hearing of the statutory issue on September 30th, the intervening claimant called the court's attention to the pending appeal, and using *Wattles* v. *Wayne Circuit Judge,* 119 Mich. 356, as its authority, pointed out that the court was without jurisdiction to try the garnishment question. We there held, quoting the syllabus:

"That it is contrary to the intent of the statutes for the circuit judge to require the garnishee to go to trial during the pendency of an appeal, because he believes the same to have been taken for purposes of delay, although no notice thereof was served on the garnishee."

See 3 Comp. Laws 1929, §§ 14869, 14873.

We think the same reasoning applies to a seasonable objection on the part of intervening claimants. The court was in error in entering its order of October 2, 1933, in which it found that the plaintiffs are entitled to the garnisheed moneys, and ordering the clerk to pay the same to plaintiffs or their attorneys.

The order permitting garnishee defendants to pay the sum of $2,000 to the clerk may stand but the other orders entered herein are set aside. The plaintiffs shall return the money so received to the clerk. The cause is remanded for further proceedings not inconsistent with this opinion. The appellant shall be allowed costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.